**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. CHARBEL MAKSOUD, an individual, | Case No.: 17-cv-00362-H-WVG |
| Plaintiff, | **ORDER DENYING DEFENDANT SUSAN PAYTON'S MOTION TO DISMISS FOR FAILURE TO SERVE** |
| v. | |
| BRUCE HOPKINS, an individual, et al., | |
| Defendants. | [Doc. No. 62] |

On February 6, 2018, Defendant Susan Payton ("Ms. Payton"), appearing pro se, filed a motion to dismiss for failure to serve. (Doc. No. 62.) On February 20, 2018, Plaintiff Charbel Maksoud ("Plaintiff") opposed the motion. (Doc. No. 64.) On March 2, 2018, Ms. Payton replied. (Doc. No. 67.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument, submits the motion on the papers, and vacates the hearing set for March 12, 2018. For the reasons discussed below, the Court denies the motion.

## **BACKGROUND**

On February 23, 2017, Plaintiff filed a complaint against several defendants, including Ms. Payton. (Doc. No. 1.) On April 28, 2017, Plaintiff filed a first amended complaint, and on July 10, 2017, Plaintiff filed a second amended complaint. (Doc. Nos. 16, 35.) Ms. Payton was also named as a defendant in the first and second amended complaints. (See id.) A summons issued upon the filing of Plaintiff's original, first amended, and second amended complaints, but Plaintiff did not file an executed summons on Ms. Payton with respect to any of those pleadings.

On February 6, 2018, Ms. Payton filed a motion to dismiss for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 62.) In the motion, Ms. Payton states that "[a] copy of the Complaint was placed on my door by an unknown person some time in February 2017, but there was no summons and no certificate of service to the Complaint." (Id., Mem. P. & A. at 2.) Ms. Payton has lived at her address since July 2016. (Id.) Ms. Payton contacted Plaintiff's counsel and spoke with Plaintiff's counsel's assistant about her "knowledge and involvement with the transactions set out in the Complaint," as well as possible preparation of an affidavit that could allow for Ms. Payton's dismissal. (Id.) Defendant Tirrell Payton, Ms. Payton's former husband, notified her that an Early Neutral Evaluation ("ENE") was scheduled on January 22, 2018. (Id.) A few days before the ENE, Ms. Payton spoke with Plaintiff's counsel regarding the case. (Id. at 2-3.) Plaintiff's counsel "stated that an affidavit would still be an appropriate way for him to determine the merits of [Ms. Payton's] dismissal" and told Ms. Payton to call his assistant to prepare an affidavit. (Id.) Ms. Payton left an unreturned message with the assistant. (Id. at 3.) Ms. Payton attended the ENE because it seemed "prudent to attend and determine how [she] could be dismissed from the action," although she asserts that, by doing so, she "did not waive service of process." (Id.) Ms. Payton attempted to contact Plaintiff's counsel following the ENE but did not receive a response. (Id.)

On February 20, 2018, Plaintiff filed an opposition to Ms. Payton's motion. (Doc. No. 64.) With the opposition, Plaintiff submitted an executed Proof of Service, dated March

17-cv-00362-H-WVG

21, 2017, documenting that Ms. Payton was served with the summons and original complaint at her address on March 19, 2017. (Doc. No. 64-1, Lazo Decl. Ex. 1.) Additionally, Plaintiff submitted a Proof of Service dated February 20, 2018. (Doc. No. 64-2, Lazo Decl. Ex. 2.) According to that Proof of Service, on February 8, 2018, Ms. Payton was served by regular U.S. mail with the summons, second amended complaint, and amended notice and order for ENE and Case Management Conference at her address. (Id.) Thus, Plaintiff argues that Ms. Payton was served with a copy of the complaint and summons at her residence at least as early as March 21, 2017, and that Ms. Payton has now been served with the second amended complaint at the same address. (Doc. No. 64 at 2-3.)

In her reply, filed on March 2, 2018, Ms. Payton maintains that she was not personally served when the original complaint and summons were left on her porch; "[n]o one knocked at [her] door" or handed her the package, and this delivery did "not constitute personal service under Federal Rule of Civil Procedure 4(e)." (Doc. No. 67 at 3.) As a result, Ms. Payton contends, she "did not receive any notices of filings by any of the parties from the Court or from Plaintiff's counsel." (Id. at 4.) Nor was she "personally served" when the second amended complaint was served by mail. (Id. at 2.) She argues that "Plaintiff did nothing to indicate to the Court that [she] had been served" until he responded to Ms. Payton's motion to dismiss. (Id. at 4.)

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure to timely serve a defendant, the Court "must extend the time for service for an appropriate period." Id.; see Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007). Absent good cause, the Court has broad discretion to grant an extension of time upon a showing of excusable neglect.

Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009); see Efaw, 473 F.3d at 1041. When deciding whether to extend time under Rule 4(m), the Court "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Efaw, 473 F.3d at 1041 (internal quotation marks and citation omitted). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).

Here, Ms. Payton contends that she was not properly served with the original complaint within Rule 4(m)'s 90-day time period. (Doc. No. 62.) But Rule 4(m) also provides that the Court may extend the time for service. The record reflects that Plaintiff has been attempting to serve Ms. Payton. (Doc. No. 64 at 2.) Ms. Payton has been aware of the case since as early as February 2017, when a copy of the complaint was placed on her door, (Doc. No. 62, Mem. P. & A. at 2), and as of February 8, 2018, Ms. Payton has been served with the second amended complaint, (Doc. No. 64-2, Lazo Decl. Ex. 2). Having carefully considered all the circumstances and arguments, the Court declines to dismiss the case against Ms. Payton. The Court is satisfied that Ms. Payton received sufficient notice of the second amended complaint. Accordingly, the Court concludes that dismissal of Plaintiff's suit against Ms. Payton is not warranted at this time.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Payton's motion to dismiss. (Doc. No. 62.) Ms. Payton must file a response to the second amended complaint or before **April 4, 2018**. See Fed. R. Civ. P. 15(a)(3).

**IT IS SO ORDERED.**

DATED: March 5, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT