# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. CHARBEL MAKSOUD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE HOPKINS, an individual, et al.,<br><br>Defendants. | Case No.: 17-cv-00362-H-WVG<br><br>**ORDER GRANTING DEFENDANT SHEKNOWS, LLC'S MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION PURSUANT TO CAL. CIV. PROC. CODE § 877.6**<br><br>[Doc. No. 76] |

On March 29, 2018, Defendant SheKnows, LLC, an Arizona limited liability company erroneously sued herein as SheKnows Media, a New York corporation ("SheKnows"), filed a motion for good faith settlement determination pursuant to California Code of Civil Procedure § 877.6. (Doc. No. 76.) On April 9, 2018, Defendant Philippe Guelton filed an opposition. (Doc. No. 79.) On April 23, 2018, SheKnows filed a reply. (Doc. No. 80.) The other two defendants remaining in this action, Tirrell Payton and

Susan Payton, have not opposed the motion. The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument, submits the motion on the papers, and vacates the hearing set for April 30, 2018. For the reasons discussed below, the Court grants the motion for determination of good faith settlement.

## BACKGROUND[1]

In May 2014, Plaintiff invested $250,000 in a company, BT Software and Research, Inc. ("BT"), to develop a media platform called "Kaliki." (Doc. No. 35 ¶ 17.) Plaintiff made this investment as a result of misrepresentations made by several individuals, including Defendants Philippe Guelton ("Guelton") and Tirrell Payton ("Tirrell Payton"), regarding, inter alia, the existence of other strategic investors and contracts involving Kaliki. (Id. ¶¶ 15-19.) Tirrell Payton was BT's chief executive officer, (id. ¶ 10), and Guelton represented himself to Plaintiff as a principal of BT and a "marketing guru" for another company, SheKnows, (id. ¶ 11). In return for his investment of $250,000, Plaintiff was supposed to receive upfront equity in BT. (Id. ¶ 17.) Plaintiff executed a Common Stock Purchase Agreement and a Right of First Refusal Agreement memorializing his purchase of BT shares and other bargained-for rights. (Id. ¶ 27.)

After his investment in BT, Plaintiff worked to create relationships with media companies and other strategic alliances to promote Kaliki. (Id. ¶ 20.) Plaintiff also recruited his now-deceased brother-in-law to develop a search engine for Kaliki. (Id. ¶ 21.) In return, Plaintiff's brother-in-law received an ownership interest in BT and a lifelong salary. (Id. ¶ 22.) These rights were ultimately assigned to Plaintiff. (Id. ¶ 23.)

Tirrell Payton and another individual allegedly misappropriated the entirety of Plaintiff's investment in BT. (Id. ¶ 24.) In December 2015, Plaintiff learned that Tirrell Payton intended to dissolve BT and establish a new company "to pick up where BT left off." (Id. ¶ 25.) This never occurred, however, and BT was forfeited. (Id.) Plaintiff never

---

[1] The following facts are drawn from the operative, second amended complaint. (Doc. No. 35.)

received his shares in BT, in the form of share certificates or otherwise. (Id. ¶ 26.)

Plaintiff commenced this suit in February 2017 against fourteen defendants, including SheKnows and Guelton. (Doc. No. 1.) At this point in the action, four defendants remain: SheKnows, Guelton, Tirrell Payton, and Susan Payton. In the second amended complaint, filed on July 10, 2017, Plaintiff brought a variety of state-law causes of action against SheKnows, including intentional misrepresentation, unjust enrichment, and intentional interference with prospective economic relations. (Doc. No. 35.) The second amended complaint contains few factual allegations involving SheKnows; specifically, it is alleged that Guelton "represented himself to be a . . . marketing guru through his company, Defendant SheKnows Media," (id. ¶ 11), and that all of the named defendants convinced Plaintiff to invest in BT, (id. ¶ 15). It appears that Plaintiff sought to hold SheKnows vicariously liable for the conduct of its CEO, Guelton. (Doc. No. 76, Humphreys Decl. ¶ 4).

On March 10, 2018, Plaintiff and SheKnows reached a settlement agreement pursuant to which SheKnows will pay Plaintiff a specified dollar amount[2] in exchange for dismissal with prejudice of the entire action against SheKnows and a general release of all claims, whether known or unknown, against SheKnows and its officers, directors, successors, assigns, etc., excluding Guelton, with a waiver of California Code of Civil Procedure section 1542. (Id. ¶ 2.) In addition, SheKnows agrees to disclaim any interest in any intellectual property rights created, developed or owned by BT, Plaintiff, Plaintiff's now-deceased brother-in-law, and their respective successors and assigns. (Id.)

SheKnows filed a motion for good faith settlement determination on March 29, 2018. (Doc. No. 76.) On April 9, 2018, Guelton opposed the motion, arguing that the settlement was not made in good faith because it would permit SheKnows to avoid its obligation to indemnify and insure him under SheKnows's Operating Agreement. (Doc. No. 79.) SheKnows replied on April 23, 2018 (Doc. No. 80.) Neither Tirrell Payton nor

---

[2] The monetary settlement amount is in a sealed filing. (Doc. No. 78.)

Susan Payton filed an opposition.

## DISCUSSION

### 1. Legal Standards

Sitting in diversity, the Court applies state substantive law to Plaintiff's state law claims. See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC, 632 F.3d 1056, 1060 (9th Cir. 2011). California Code of Civil Procedure section 877 constitutes substantive law. Id. Under section 877, "[w]here a release . . . is given in good faith before . . . judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights," the release shall "reduce the claims against the others in the amount stipulated by the release" and "discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877(a), (b). To obtain a determination that it reached a settlement in good faith, "a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement." Id. § 877.6(a)(2).

To determine whether a settlement has been made in good faith, the Court considers the so-called Tech-Bilt factors: (1) a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial; (4) the allocation of settlement proceeds among plaintiffs; (5) the settling party's financial condition and the availability of insurance; and (6) evidence of any collusion, fraud or tortious fraud between the settlor and the plaintiffs aimed at requiring the non-settling parties to pay more than their fair share. Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 698 P.2d 159, 166-67 (Cal. 1985); see also Mason & Dixon, 632 F.3d at 1064. The Court's determination must be based on the information available at the time of settlement. Tech-Bilt, 698 P.2d at 167.

A party opposing the motion for good faith settlement bears the burden of establishing a lack of good faith. Id.; see also Cal. Civ. Proc. Code § 877.6(d). To so establish, the opposing party must show "that the settlement is so far 'out of the ballpark'

4

17-cv-00362-H-WVG

in relation to these [Tech-Bilt] factors as to be inconsistent with the equitable objectives of the statute." Tech–Bilt, 698 P.2d at 167. Exercising its broad discretion to decide whether a settlement is in good faith for purposes of section 877.6, the Court should heed "the equitable goals of the statute, in conformity with the spirit of the law and in a manner that services the interests of justice." Long Beach Mem'l Med. Ctr. v. Superior Court, 91 Cal. Rptr. 3d 494, 500 (Cal. Ct. App. 2009). Sections 877 and 877.6 are intended to promote two major, "inextricably linked" goals: "the equitable sharing of costs among the parties at fault and the encouragement of settlements." Abbott Ford, Inc. v. Superior Court, 741 P.2d 124, 132-33 (Cal. 1987).

### 2. Analysis

Having carefully considered the parties' arguments and each of the Tech-Bilt factors, the Court determines that the settlement has been made in good faith. As stated above, per the settlement agreement terms, SheKnows will pay Plaintiff a specified dollar amount in exchange for dismissal with prejudice of the entire action against SheKnows and a general release of all claims, whether known or unknown, with a waiver of California Code of Civil Procedure section 1542. (Doc. No. 76, Humphreys Decl. ¶ 2.) SheKnows further agrees to disclaim any interest in any intellectual property rights created, developed or owned by BT, Plaintiff, Plaintiff's now-deceased brother-in-law, and their respective successors and assigns. (Id.) Because there is only one plaintiff, all settlement proceeds will go to the plaintiff, Charbel Maksoud.

Plaintiff allegedly invested $250,000 in BT and seeks damages against four remaining defendants in an amount subject to proof at trial. (See Doc. No. 35 at 26-28.) SheKnows has sold all of its assets to another company and wishes to extricate itself from this lawsuit. (Doc. Nos. 76 at 1; 80 at 2). Given SheKnows's wish to avoid further litigation expenses, as well as the unlikelihood of SheKnows being found vicariously liable for Guelton's alleged tortious conduct, (Doc. No. 76 at 1-3), the Court concludes that the monetary settlement amount is within the reasonable range of SheKnows's potential proportionate liability. Furthermore, having reviewed the settlement agreement terms and

5

the pleadings, the Court finds there is no evidence of collusion, fraud, or tortious conduct. The Court makes no judgment regarding Guelton's claim to express indemnity under SheKnows's Operating Agreement. In sum, the Court finds that the settlement between Plaintiff and SheKnows is not "so far 'out of the ballpark'" with respect to the Tech-Bilt factors as to be inequitable. See 698 P.2d at 167. In reaching this conclusion, the Court is mindful that a settling defendant should pay less in settlement than it would if it were found liable after a trial.

## CONCLUSION

For the reasons discussed above, the Court finds that SheKnows has established that its settlement with Plaintiff was made in good faith for purposes of California Code of Civil Procedure section 877.6, and the Court **GRANTS** SheKnows's motion for good faith settlement determination. (Doc. No. 76.) Accordingly, any and all parties are hereby **BARRED** from bringing any future claims against SheKnows for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault in connection with the conduct at issue in this litigation. Cal. Civ. Proc. Code § 877.6(c).

**IT IS SO ORDERED.**

DATED: April 25, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT