UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DR. CHARBEL MAKSOUD,

                Plaintiff,

v.

HOPKINS *et al.*,

                Defendants.

Case No.: 17-CV-362-H(WVG)

**ORDER GRANTING DEFENDANT TIRRELL PAYTON'S *EX PARTE* MOTION TO COMPEL**

**[Doc. No. 102.]**

      Pending before the Court is Defendant Tirrell Payton's *ex parte* motion to compel the deposition of Plaintiff in San Diego, which the Court authorized to be filed on an *ex parte* basis. (Doc. No. 102.) Plaintiff filed an opposition. (Doc. No. 103.) The Court finds the matter suitable for decision without oral argument and GRANTS the motion.[1]

---

[1] In his opposition to Payton's motion, Plaintiff requests Defendant Guelton be compelled to sit for deposition in San Diego. This request could not be more violative of this Court's discovery dispute procedures. As an initial matter, Plaintiff presents it the day after the fact discovery deadline expired, and no extension of that deadline was sought in this case. Second, it is being presented in an opposition to an *ex parte* motion on a wholly unrelated matter. It was not authorized to be filed by this Court as set forth in section VI of its Civil Chambers Rules. Third, this dispute was not presented via a joint telephone call to chambers as section IV(B) of the Chambers Rules require. Fourth, although counsel exchanged emails, they did not engage in the telephonic meet and confer efforts that section IV(A) of the Chambers Rules requires. As Plaintiff's own papers demonstrate, Plaintiff was aware as early as August 9 that Guelton would not appear for his August 16 deposition. Although Plaintiff's counsel tried to raise this dispute during the August 20, 2018 discovery conference on an unrelated dispute, none of these procedures had been followed. Fact discovery is now closed, and the Court does not construe this as a request under Rule 56. The Rule 56 motion is not pending before this Court. For all these reasons, the Court declines to consider this dispute.

On June 25, 2018, Payton noticed Plaintiff's deposition for August 22, 2018 in San Diego, California. Plaintiff's counsel provided Payton's counsel notice of non-attendance two days before the scheduled deposition. Plaintiff resides in Joplin, Missouri and did not attend the deposition. The fact discovery deadline in this case passed on August 22, 2018 without any extension requests. Payton now moves to compel Plaintiff's deposition and asks that it proceed in San Diego, California. All counsel are located either in San Diego or the Southern California region.

During meet and confer emails, Plaintiff requested that Payton provide authority for taking his deposition in San Diego rather than Missouri. Notwithstanding the requests, Plaintiff never directly opposed sitting for deposition in San Diego, stating only that it would be "inconvenient." Plaintiff has now unequivocally agreed to appear in San Diego for his deposition—but in September, after fact discovery has concluded. In his opposition to Payton's *ex parte* motion, he contends that location of the deposition is moot since he has agreed to travel to San Diego.[2] (Doc. Nos. 103 at 3 ("In e-mail communications between counsel for Plaintiff and counsel for Defendant on August 22, 2018, counsel for Plaintiff agreed to produce Plaintiff for deposition in San Diego in September. Such agreement was reiterated in several phone conversations between counsel for Plaintiff and counsel for Defendant. Defendant's contentions in the Ex Parte Application as to the proper location for the deposition to occur are therefore moot.") (citations omitted); 103-1 at ¶ 4 ("Subsequently, in phone conversations leading up to and around August 22, 2018, and in emails that day, we agreed to produce Plaintiff for a deposition location in San Diego. This offer was affirmed in e-mails between me and counsel for Defendant Tirrell Payton.").

---

[2] While the location of Plaintiff's deposition may be moot, the taking of that deposition after the fact discovery deadline is not. Because the fact discovery cutoff has now passed, Payton may not take Plaintiff's deposition without the Court granting him relief from this expired deadline.

The Court need not decide whether Payton could have compelled Plaintiff's deposition in San Diego. Given Plaintiff's commitment to travel here, the Court agrees that the proper location for Plaintiff's deposition is San Diego and would have so found.[3] Given that this dispute was properly presented to the Court and was presented within the fact discovery period, the Court further finds it proper to grant Tirrell Payton relief from the fact discovery deadline for the specific and limited purpose of taking Plaintiff's deposition. The discovery deadline is accordingly extended to September 14, 2018 for the limited purposes of the object of this Order.

Plaintiff is ORDERED to appear in San Diego County and sit for a deposition that must be complete **no later than September 14, 2018**. Payton's request for sanctions is DENIED without prejudice. However, Plaintiff is cautioned that failure to appear as ordered herein may result in the issuance of sanctions up to and including a recommendation for termination of his case. Fed. R. Civ. P. 37(d)(3).

**IT IS SO ORDERED.**

DATED: August 24, 2018

Hon. William V. Gallo
United States Magistrate Judge

---

[3] Payton properly noticed the deposition well in advance of the scheduled date. Plaintiff never sought a protective order to move the date or location. Plaintiff definitively notified Payton that he would not attend only two days before the scheduled deposition.

3

17-CV-362-H(WVG)