# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. CHARBEL MAKSOUD,<br><br>        Plaintiff,<br><br>v.<br><br>PHILIPPE GUELTON,<br><br>        Defendant. | Case No.: 3:17-cv-00362-H-WVG<br><br>**ORDER:**<br><br>**(1) COMPELLING ATTENDANCE AT IN-PERSON SETTLEMENT CONFERENCE ON MARCH 5, 2020 AT 9:00 A.M.**<br>**(2) SETTING STATUS CONFERENCE BEFORE THE DISTRICT COURT FOLLOWING THE IN-PERSON SETTLEMENT CONFERENCE ON MARCH 5, 2020**<br><br>[Doc. No. 201.] |

This case was set for trial on April 18, 2019. (Doc. No. 149.) On April 2, 2019, the Parties notified the Court that they had reached a settlement agreement and the terms of that settlement were read on the record. (Doc. No. 184.) On April 9, 2019, the magistrate judge ordered a status conference concerning the settlement for April 10, 2019. (Doc. No. 184 at 4.) The magistrate judge issued a formal briefing schedule on the issue of settlement enforcement with a hearing date set for May 31, 2019 and ordered the parties to meet and

confer. (Id. at 5.) The parties failed to file any briefing on the subject and did not meet and confer. (Id.) On May 31, 2019, as scheduled, the Court convened a hearing on the issue of settlement enforcement. (Id. at 6.) Plaintiff's counsel failed to appear. (Id.)

On July 17, 2019, the magistrate judge issued a report and recommendation ("R&R") that the Court enforce the settlement agreement entered between Plaintiff Charbel Maksoud and Defendant Philippe Guelton and enter final judgment. (Doc. No. 184.) On August 13, 2019, the Court enforced the settlement agreement but did not enter a final judgment since the settlement was a compromise of a disputed claim. (Doc. No. 191.) The Court also ordered the parties to file a status report within thirty days. (Id.) Instead on August 26, 2019, the Defendant filed a notice of appeal to the Ninth Circuit. (Doc. No. 192.)[1] On October 29, 2019, Defendant voluntarily dismissed the appeal to the Ninth Circuit. (Doc. No. 200.)

On November 12, 2019, Defendant Guelton filed a motion for clarification regarding the enforcement of the settlement agreement. (Doc. No. 201.) On November 15, 2019, the Court held a telephonic hearing regarding the matter. (Doc No. 203.) On December 4, 2019, the Court referred the matter to the magistrate judge and ordered the parties to propose a date for a settlement conference by January 16, 2020. (Doc No. 205.) On January 3, 2020, Defendant Guelton filed a Motion for Clarification regarding the Court's prior order on December 4, 2019. (Doc. No. 206.) On January 10, 2020, the Court issued an order referring the matter to the magistrate judge, stating that "no further clarification is required," and again ordered the parties to propose a date for the settlement conference by January 16, 2020. (Doc. No. 207.) The parties failed to comply with the Court's order.

On January 24, 2020, the magistrate judge issued an order scheduling the in-person settlement conference for March 5, 2020 after the parties failed to comply with the Court order. (Doc. No. 208.) The magistrate judge also ordered that settlement statements be

---

[1] On September 12, 2019, Defendant filed a motion for approval of a bond to stay enforcement pending the disposition of their appeal. (Doc. No. 195.) On October 10, 2019, the Court denied the motion. (Doc. No. 199.)

submitted by February 26, 2020. (Id.) This Court also orders the in-person attendance of Plaintiff Maksoud and Defendant Guelton and counsel at the in-person settlement conference on March 5, 2020 at 9:00 a.m before Magistrate Judge William V. Gallo, United States Courthouse, Courtroom 2A, Second Floor, 221 West Broadway, San Diego, California. (Doc. No. 208.) If either party cannot physically attend the in-person settlement conference the party may make a showing of good cause to the magistrate judge and the magistrate judge can determine if the party can attend telephonically. The Court strongly believes that there is a benefit to in-person attendance but recognizes that if there is good cause shown, the decision will be left to the sound discretion of the magistrate judge.

Immediately following the in-person settlement conference, the Court orders the parties and counsel to attend a status conference before District Court Judge Marilyn Huff, United States Courthouse, Courtroom 15a, Fifteenth Floor, 333 West Broadway, San Diego California. If either party cannot physically attend the status conference, the party may make a showing of good cause to this Court and the Court will determine if the party can attend telephonically.

The Court reminds the parties that once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. Doi v. Halekulani Corporation, 276 F.3d 1131, 1131 (9th Cir. 2002.) A settlement is complete, and binding on all the parties, when its material terms are confirmed orally on the record. Id. at 1138. The Court previously found the settlement agreement to be enforceable and valid. (Doc. No. 191.) As a result, the Parties should again be prepared to comply with the terms of the settlement agreement if the magistrate judge and the district court so order.

Additionally, given the record before the Court, district courts have the inherent power to control their dockets and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829, (1986). Failure to comply with this order may result in any and all appropriate sanctions.

Finally, if the Court again determines that the settlement is valid and enforceable, the Court reserves the right, if appropriate, to issue a final judgment on the settlement.

**IT IS SO ORDERED.**

DATED: February 26, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT