UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. CHARBEL MAKSOUD,<br><br>                          Plaintiff,<br><br>v.<br><br>HOPKINS *et al.*,<br><br>                          Defendants. | Case No.: 17-CV-362-H(WVG)<br><br>**REPORT AND RECOMMENDATION FOLLOWING SETTLEMENT CONFERENCE** |

      As directed, this Court convened a settlement conference with Plaintiff Charbel Maksoud and Defendant Phillipe Guelton on March 5, 2020. Attorney Marc Lazo appeared on behalf of Plaintiff, and attorney Dariush Adli appeared for Defendant. After discussions, the parties both agreed to be bound by the terms of the oral settlement that was set forth on the record on April 2, 2019. (See Doc. No. 173 at 7-12.) The parties affirmed this agreement on the record before this Court. After the settlement conference, the parties appeared before the assigned district judge, who also heard from them. At that hearing, Guelton signed an assignment of rights which was accepted by Plaintiff, and Guelton tendered a $17,500 check to Plaintiff. Moreover, pursuant to the oral settlement on April

1

2, 2019, Plaintiff agreed to dismiss the lawsuit against Guelton with prejudice and a release pursuant to California Civil Code section 1542.[1]

This Court previously declined to accept continuing jurisdiction over the settlement in this case. (Doc. No. 184 at 18 n.13.) This Court reaffirms that previous declination.

This Court accordingly RECOMMENDS closing the case.

**IT IS ORDERED** that no later than **March 19, 2020** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to objections shall be filed with the Court and served on all parties no later than **March 26, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *Martinez v. Ylst*, 951 F2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: March 5, 2020

Hon. William V. Gallo
United States Magistrate Judge

---

[1] While the transcript states that attorney Lazo referenced California Civil Code section 1544, the Court notes that (1) the actual code citation recited by Lazo on the record was section 1542 (leading the Court to believe the transcript contains a minor typographical error) and (2) section 1544 does not exist in the California Civil Code.